Hannah Stone, Esq.
Rachel Parkin, Esq.
Michael Sherwood, Esq.
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
620 High Park Way
PO Box 4947
Missoula, MT 59806-4947
(406) 728-1455
Fax: (406) 549-7077
EMAIL: hstone@bigskylawyers.com
       rparkin@bigskylawyers.com
       msherwood@bigskylawyers.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KATHERINE KISER,<br><br>    Plaintiff,<br><br>-vs-<br><br>TERRENCE JACKSON; BUREAU OF INDIAN AFFAIRS, UNITED STATES OF AMERICA; AND JOHN DOES 1 THROUGH 5,<br><br>    Defendants. | Cause No.<br>Dept. No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Katherine "Stacy" Kiser, by and through undersigned counsel of record, and for her Complaint against Defendants, hereby alleges as follows:

1

## JURISDICTION AND VENUE

1. Jurisdiction in this action is proper pursuant to the Federal Tort Claims Act ("FTCA") at 28 U.S.C. §§ 1346, 2401, 2671-2680.

2. Sovereign Immunity is waived pursuant to 28 U.S.C. § 2674.

3. Venue is proper under 28 U.S.C. § 1402(b).

4. A written claim was submitted within two years of the date of injury and denied under 28 U.S.C. § 2675(a) and § 2401(b).

5. All administrative remedies have been exhausted, to wit: A final determination of Plaintiff's administrative claim was made by the Department of the Interior on May 10, 2022, as required by 28 U.S.C. §§ 2401(b) and 2675(a).

6. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a).

## PARTIES

7. Plaintiff, Katherine "Stacy" Kiser, is a resident of Charlo, Montana.

8. Defendant Terrence Jackson, is a resident of Charlo, Montana.

9. The Flathead Indian Irrigation Project ("FIIP") is a water storage, distribution, and delivery system comprised of various dams and canals, located on the Flathead Indian Reservation, Montana.

10. The Bureau of Indian Affairs, a Bureau of the United States Department of the Interior, is a federal agency for the purposes of the Federal Tort Claims Act, pursuant to 28 U.S.C. § 2671.

11. The Bureau of Indian Affairs currently manages the FIIP.

12. This action is brought against Defendant United States of America, through the Bureau of Indian Affairs, as action against the U.S.A. is the exclusive remedy for claims against federal agencies, pursuant to 28 U.S.C. § 2679.

13. Fictitious Defendants John Does 1 through 5 are referenced in the caption of this Complaint so that other defendants may be joined based upon facts unknown at the time of filing this Complaint. In the event that unknown parties are in the future also deemed to have been legally responsible for Plaintiff's damages, the Complaint will be amended to specifically name the Defendants and the claims against them.

## FACTS

14. Plaintiff re-alleges and re-states paragraphs 1 through 13 above, as though fully set forth herein.

15. Terrence Jackson is an employee of the United States Bureau of Indian Affairs ("BIA") and works as a ditch rider, Irrigation Systems Operator, and maintenance worker for the FIIP.

16. As part of his employment with the BIA, Mr. Jackson is "on call" and available for work at all times of day and days of the week.

17. As part of his employment with the BIA, Mr. Jackson is provided housing, free of charge, for he and his family on property located at 56674 Moiese Valley Road, Charlo, Montana (hereinafter the "Property").

18. The Property is located within the exterior boundaries of the Flathead Indian Reservation.

19. Upon information and belief, BIA initially acquired the Property for the FIIP to use as its Moiese campsite, and subsequently used the property for employee housing.

20. As such, upon information and belief, at all times relevant hereto the BIA owned and managed the Property.

21. In addition to his family, Mr. Jackson is the owner and caretaker of a pitbull dog that resided alongside him at the Property

22. On November 7, 2019, at approximately 4:30 p.m., Plaintiff Katherine "Stacy" Kiser was walking along a public road adjacent to the Property.

23. As Ms. Kiser was walking on the road, Mr. Jackson's pitbull ran off the property and attacked Ms. Kiser.

24. Ms. Kiser raised her left arm in self-defense as the dog clamped onto it. The pitbull continued to attack Ms. Kiser until a neighbor, Dan Adler, drove by, stopped, and hit the pitbull with a tire iron, at which time it finally released her.

25. Ms. Kiser was driven to the emergency room at St. Luke's hospital by Mr. Adler, where she was stabilized, intubated, and then life-flighted to Kalispell.

26. In Kalispell, Ms. Kiser underwent a five (5)-hour radial by-pass surgery to save her left hand. The next morning, she was taken back into surgery for another three (3) hours because of clotting.

27. In total, Ms. Kiser received surgical care for seven (7) days. Additionally, she spent thirty-nine (39) days receiving extended wound care in an assisted living home. To this day, the injury prevents her from working full-time and requires intensive occupational therapy.

28. The pitbull was retrieved by local law enforcement, who euthanized it and performed a rabies test, which was negative.

## COUNT I
## NEGLIGENCE: DEFENDANT JACKSON

29. Plaintiff re-alleges and re-states paragraphs 1 through 28 above, as though fully set forth herein.

30. Defendant Jackson knew his dog had a propensity for aggression, and, on information and belief, previously attacked another individual without provocation.

31. Defendant Jackson owed Plaintiff a duty to exercise reasonable care in the ownership of the dog.

32. Defendant Jackson breached this duty by not reasonably securing his dog to the confines of the Property.

33. Defendant Jackson's negligence caused damage to the Plaintiff when the dog attacked Plaintiff, resulting in life-long injuries to be quantified by the fact finder.

## COUNT II
## NEGLIGENCE: DEFENDANT BIA

34. Plaintiff re-alleges and re-states paragraphs 1 through 33 above, as though fully set forth herein.

35. Defendant BIA owed Plaintiff a duty to exercise reasonable care in the management and ownership of the Property.

36. Defendant BIA breached this duty by failing to oversee or investigate its employee's use of the Property, which included housing a vicious dog.

37. Defendant BIA breached this duty by failing to use ordinary care in managing its employee's use of the property, which included housing a vicious dog.

38. Defendant BIA's negligence caused damage to the Plaintiff when the dog attached her, resulting in life-long injuries.

39. Plaintiff is entitled to damages in an amount to be determined by the fact finder.

//

## COUNT III
## NEGLIGENCE PER SE: ALL DEFENDANTS

40. Plaintiff re-alleges and re-states paragraphs 1 through 39 above, as though fully set forth herein.

41. Defendants violated CSKT Laws Codified § 2-1-1009, which prohibits a person from maintaining a vicious dog, and provides for strict liability against a party who maintains a vicious dog.

42. Defendants violated Lake County Ordinance – Resolution 861, which makes it a misdemeanor offense pursuant to Mont. Code Ann. § 7-23-2109 to own a vicious dog.

43. These regulations were enacted to protect any non-provoking human being from being bitten, harassed, or chased by a dog.

44. Plaintiff is a member of this class of non-provoking human beings.

45. The dog bite and injuries sustained by Plaintiff are of the type that these regulations were enacted to prevent.

46. Defendants are members of the class that these regulations were intended to regulate.

47. Defendants' statutory violations caused Ms. Kiser to suffer serious personal injury, pain and suffering, and emotional distress and she is entitled to compensation for such injury.

48. Defendant BIA is vicariously liable for all damages caused by the negligence *per se* of Defendant Jackson because Defendant Jackson was acting in the course and scope of his employment at the time of the injury.

## COUNT IV
## PUBLIC NUISANCE: ALL DEFENDANTS

49. Plaintiff re-alleges and re-states paragraphs 1 through 48 above, as though fully set forth herein.

50. Defendants created and allowed the continuation of the dangerous and hazardous condition posed by failing to monitor the Property and to ensure it did not pose a threat to third parties.

51. Defendants' conduct resulted in a public nuisance, because the negligent management of the property was injurious to the health and effect of a considerable number of persons, including persons residing in the neighborhood surrounding the Property.

52. The public nuisance created by Defendants has been particularly injurious to the Plaintiff, resulting in serve injuries and extensive medical bills.

53. As a direct and proximate result of Defendants' public nuisance, Plaintiff has sustained damages in an amount to be determined at trial.

//

//

//

8

## COUNT V
## STRICT LIABILITY

54. Plaintiff re-alleges and re-states paragraphs 1 through 53 above, as though fully set forth herein.

55. Ms. Kiser was lawfully on a public road when, without provocation, she was attacked and bitten by Defendant Jackson's dog.

56. As a result of the dog bite, Ms. Kiser has suffered injury and damages in an amount to be determined by a jury.

57. Pursuant to Mont. Code Ann. § 27-1-715, Defendant Jackson is strictly liable to Ms. Kiser for the damages she suffered and continues to suffer as a result of the dog bite.

58. To the extent that Mont. Code Ann. § 27-1-715 differentiates between dog owners located within an incorporated city or town and those living outside the boundaries of an incorporated city or town for the purposes of imposing strict liability, such disparate treatment is a violation of the Equal Protection clause of the Fourteenth Amendment of the Constitution of the United States of America, as well as Article II, Section 4 of the Constitution of the State of Montana.

## COUNT VI
## RESPONDEAT SUPERIOR

59. Plaintiff re-alleges and re-states paragraphs 1 through 58 above, as though fully set forth herein.

60. Defendant BIA is vicariously liable for the conduct of its employee while acting within the course and scope of his employment.

61. Mr. Jackson, as Defendant's employee, was provided housing requiring him to be on call and available at all times to fulfill his duties as a ditch rider and maintenance worker.

62. While in the course and scope of his duties, Mr. Jackson obtained and housed an aggressive dog in housing he was required to reside in by his employer.

63. Defendants are vicariously liable for Mr. Jackson's conduct in housing the dog which caused Plaintiff's injuries, in an amount to be determined by the fact finder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a Judgment against Defendants as follows:

1. For compensatory damages;

2. For past and future medical costs;

3. For pain and suffering;

4. For damages relating to emotional distress;

5. For attorney's fees and costs of suit; and

6. For such other and further relief as this Court deems just and proper.

//

DATED this 7th day of November, 2022.

>MILODRAGOVICH, DALE
>& STEINBRENNER, P.C.
>   Attorneys for Plaintiff
>
>By: /s/ Hannah Stone
>   Hannah Stone, Esq.
>   Rachel Parkin, Esq.
>   Michael Sherwood, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues of fact in the above case.

DATED this 7th day of November, 2022.

>MILODRAGOVICH, DALE
>& STEINBRENNER, P.C.
>   *Attorneys for Plaintiff*
>
>By: /s/ Hannah Stone
>   Hannah Stone, Esq.
>   Rachel Parkin, Esq.
>   Michael Sherwood, Esq.