IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KATHERINE KISER,<br><br>Plaintiff,<br><br>vs.<br><br>TERRANCE JACKSON; BUREAU OF INDIAN AFFAIRS, UNITED STATES OF AMERICA; and DOES 1–5,<br><br>Defendants. | CV 22–181–M–DWM<br><br>ENTRY OF DEFAULT<br>and ORDER |

Plaintiff Katherine Kiser has filed a motion for entry of a default judgment against Defendant Terrance Jackson pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 40.) Kiser requests the following damages:

| | | |
|---|---|---|
| 1. | Past Medical | $140,706.42 |
| 2. | Future Medical | $428,006.49 |
| 3. | Pain/Suffering | $550,000.00 |
| 4. | Emotional Distress | $550,000.00 |

1

A complaint's factual allegations relating to the amount of damages are not taken as true on default. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). A plaintiff seeking default judgment must present "an evidentiary basis for the damages sought." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Further evidence is therefore required before Kiser's request can be reduced to judgment.

Accordingly, IT IS ORDERED:

(1) Defendant Terrance Jackson has failed to timely appear or answer Plaintiff's Complaint. Defendant Jackson was duly served with a copy of the Summons and Complaint in this action on December 6, 2022. Defendant has failed to appear, plead, or otherwise defend within the time allowed, and therefore is now in default. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, DEFAULT is hereby entered against Defendant Terrance Jackson.

(2) On or before March 25, 2023, Kiser must file a detailed declaration with supporting documentation to show how she has calculated her proposed damages. Also by that date, Kiser must file a short brief applying the factors outlined in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), to this case.

(3) An evidentiary hearing on damages is set for April 2, 2024, at 9:00 a.m. at the Russell Smith Federal Courthouse in Missoula, Montana. The hearing will be limited to 30 minutes. The hearing will be vacated if the Court determines

that the documentary evidence provides a sufficient basis to grant the requested relief. *See Davis v. Fendler*, 650 F.2d 1154, 1161–62 (9th Cir. 1981) (affirming default judgment with damages assessed based on documentary evidence).

DATED this 11th day of March, 2024.

_____
Donald W. Molloy, District Judge
United States District Court